IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAURA JOHNSTON FAMILY PROPERTIES, LTD., § § Plaintiff, § § VS. § § ALLEN ENGINEERING CONTRACTOR, INC., § § Defendant/Third Party Plaintiff, § § v. § § TOM BENNETT, JR. and UNITED STATES § INVENTION CORPORATION, § § Third-Party Defendants. § | Civil Action No. 3:16-CV-3378-M |

**BRIEF IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO RULE 9(b) AND RULE 12(b)(6)**

TO THE HONORABLE JUDGE BARBARA M. G. LYNN, UNITED STATES DISTRICT JUDGE:

COMES NOW Laura Johnston Family Properties, Ltd. ("LJFP") and makes this its Brief in Support of Motion to Dismiss Pursuant to Rule 9(b) and Rule 12(b)(6) and for same shows the Court as follows:

**I.**
**LEGAL PRINCIPLES**

1.1   The general rules regarding Rule 12(b)(6) motions are well established and not controversial:

    1.   The pleading should contain a short plain statement of the claim showing that the pleader is entitled to relief;

    2.   The court accepts all well pleaded facts as true, viewing them in the light most

>   favorable to the plaintiffs;

3. The complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face;

4. Even though a pleading need not include detailed factual recitations, the pleading must provide more than allegations devoid of factual support; and

5. Legal conclusions couched as factual allegations are not given deference.

*Siragusa v. Arnold, et al*, 2014 WL 3512988 at * 1 (N.D. Tex. 2014) (Lynn, J.) (citations omitted.

    1.2    As a general rule, a dismissal for failure to plead with specificity pursuant to Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. *McCall v. Genentech, Inc.*, 2011 WL 2312280 at * 3 (N.D. Tex. 2011) (Boyle, J.) *citing Loveless v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Rule 9(b) of the Federal Rules of Civil Procedure provides that:

>   Fraud or mistake; conditions of mind. When alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally.

FRCP Rule 9(b). Generally speaking, Rule 9(b)'s particularity requirement is satisfied when a complaint "(1) detail[s] the statements (or omissions) that the speaker contends are fraudulent, (2) identify[ies] the speaker, (3) state[s] whether and when the statements (or omissions) were made and (4) explain[s] why the statements (or omissions) are fraudulent." *Orally Fin (Jersey) No. 3 Limited v. Wells Fargo Securities, LLC*, 797 F.3d 160, 171 (2nd Cir. 2015). *See also McCauley v. Home Loan Investment Bank*, 710 F.3d 551, 559 (4th Cir. 2013). ("[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.")

    The Fifth Circuit has described Rule 9(b)'s requirements this way:

[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud.

*U.S. ex rel Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1977) *quoting Williams v. WMX Tech, Inc.*, 112 F.3d 175, 179 (5th Cir. 1997).

1.3   In addition, the Fifth Circuit has applied Rule 9(b)'s heightened pleading requirements to both fraud and negligent misrepresentation claims so long as the claims are based on the same alleged facts. *McKinney Square Properties No. 1 Limited v. Seneca Insurance Co., Inc.*, 2017 WL 958608 at *2 (N.D. Tex. March 13, 2017) (Lynn, J.).  That is the case here.

1.4   This Court has noted that "[t]he Fifth Circuit strictly construes [Rule 9(b)] and requires the plaintiff 'to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flying Crown Land Group v. Reed, et al*, 2015 WL 9266903 at *2 (N.D. Tex. 2015) (Lynn, J.).  *See also Siragusa v. Arnold*, 2014 WL 3512988 at * 4-6 (N.D. Tex. 2014) (Lynn, J.); *Tornado Bus Co. v. Bus & Coach America Corp.*, 2015 WL 11120584 at * 2-4 (N.D. Tex. 2015) (Lynn, J.).

## II.
## APPLICATION OF LEGAL PRINCIPLES

2.1   Allen does not even attempt to meet Rule 9(b)'s requirements.  Paragraph 5 is the only paragraph in the Original Counter-Claim that appears to pertain to the fraud and negligent misrepresentation claims.  That paragraph does not identify the who, what, when, where and how of the alleged fraud.  The allegation doesn't specify what "land" is referred to, who made the allegation, when it was made and where it was made.  Additionally, there is no explanation as to why the statement is allegedly fraudulent.  The next paragraph, Paragraph 6, quotes a section of the Temporary Construction Easement.  However, it is unclear whether something set forth therein is

(or is not) allegedly false or fraudulent.

2.2    Because Allen's pleading is devoid of any factual allegations regarding fraud or misrepresentation, it fails to set forth the "who, what, when, where and how" of the alleged fraud.

2.3    LJFP did warrant in the Temporary Construction Easement that it owned the property which it is identified as owning in the exhibit to the Temporary Construction Easement. It is unclear from the Original Counter-Claim as to whether Allen now contends that LJFP represented that it owned property in addition to that which is outlined on the exhibit to the Temporary Construction Easement and, if so, what land is being referred to.

2.4    Because the factual allegations of fraud are virtually nonexistent, there is no way to tell whether this particular transaction is of the kind governed by Chapter 27.01 of the Texas Business and Commerce Code. *See O'Leary v. JP Morgan Chase Bank, N.A.*, 2014 WL 1494083 at * 5 (N.D. Tex. 2014) (Lynn, J.) ("Section 27.01 only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock"). The lack of specific pleading leaves LJFP unable to determine whether the alleged fraud gives rise to a cause of action under §27.01.

### III.
### CONCLUSION

3.1    Because, Allen's allegations are totally devoid of any reference to the who, what, when, where and how of the allegedly false representations, its claims must be dismissed.

WHEREFORE, PREMISES CONSIDERED, upon hearing hereof, Laura Johnston Family Properties, Ltd. prays that the Court grant this Motion to Dismiss pursuant to Rule 9(b) and 12(b)(6) and dismiss in their entirety Allen Engineering's allegations of negligent misrepresentation and statutory fraud set forth in Paragraphs 16, 17, 18 and 19 of Allen Engineering's Original Counter-Claim. LJFP further prays for such other further relief to which it may show itself justly entitled.

Date: June 14, 2017

Respectfully submitted,
**JACOBSON LAW FIRM, P.C.**
733 W. 2nd Ave.
Corsicana, Texas 75110
(903) 874-7117
Fax: (903) 874-7321

By: /s/ Terry Jacobson
Terry Jacobson
State Bar No. 10528000

**ATTORNEY FOR PLAINTIFF,**
**LAURA JOHNSTON FAMILY PROPERTIES, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2017, a copy of the foregoing document was filed with the Court via its ECF System, which will send notice to all counsel of record.

/s/ Terry Jacobson
Terry Jacobson